WILDE, J., Concurring.
I agree that the record fails to support the conviction, but I would reverse on narrower grounds. The majority holds that if the People charge under Vehicle Code section 22350, they must affirmatively prove the defendant’s speed was unreasonable under the circumstances, by offering evidence concerning weather, visibility, traffic or road conditions. To relieve themselves of this burden, the People must charge under a different statute, for example, Vehicle Code section 22351 (see maj. opn., ante, at p. Supp. 3, fn. 3).
Respectfully, I disagree. In my view, Vehicle Code section 22351 is not a charging statute (as suggested by the majority in footnote 3) but, rather, it is merely a statute to allocate the burden of proof in prosecutions under Vehicle Code section 22350. Thus, I would sustain a section 22350 conviction if the record indicated the People had offered into evidence (or had lodged with the court) a certified copy of a traffic and engineering survey showing a posted speed limit that was lower than the speed at which appellant drove. (Veh. Code, §§ 40802, 40803). So long as the trial court found the survey justified the posted speed limit, then the People’s burden *Supp. 5 would have been met, because Vehicle Code section 22351 would then have shifted the burden to appellant to show his speed was safe under the circumstances. On the record before us in this case, however, I agree that the conviction must be reversed.